UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONSANTO COMPANY,

                          *Plaintiff*,

- v. -

WELLS FARGO TRUST COMPANY, N.A.
and CITIZENS ASSET FINANCE, INC.,

                          *Defendants*.

Case No.   18-cv-12371 (DAB)

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

WHEREAS, the parties to the above-captioned action (the "Litigation") anticipate that discovery will involve the disclosure of certain information that parties believe to be confidential and sensitive commercial, financial, business or personal information;

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto through their undersigned counsel, subject to the approval of the Court, that this Stipulation and Protective Order (the "Order") shall govern the handling of documents, deposition transcripts, deposition exhibits, interrogatory responses, admissions, and any other discovery information produced, given or exchanged by and among the parties and non-parties to the Litigation (individually, the "Producing Party") in connection with proceedings in the Litigation ("Discovery Material") and any briefs, affidavits, or other court documents containing or otherwise disclosing such Discovery Material:

1.      Discovery Material shall be used solely for purposes of the Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial

purpose or in any other litigation or proceeding. Discovery Material shall not be disclosed except as expressly permitted by the terms of this Order.

2.     The Producing Party may designate as "Confidential" any Discovery Material or portion of Discovery Material that the Producing Party reasonably and in good faith believes contains or will disclose non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the reasonable and good-faith opinion of the Producing Party, adversely affect an entity or person's privacy obligations or policies, business, commercial, financial, or personal interests.

3.     Documents, or portions of any documents, may be designated as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with its legibility.  Deposition transcripts, or portions of any deposition transcripts, may be designated as "Confidential" either on the record during the deposition or by written notice to all parties within ten (10) business days of receipt of the preliminary transcript.

4.     A Producing Party may also designate as "Highly Confidential" any Discovery Material or portion of Discovery Materials that the Producing Party reasonably and in good faith believes contains or will disclose proprietary or non-public information of a commercially, financially or personally sensitive nature, such as confidential trade secrets, unpublished financial data, confidential business or products plans, or confidential customer information, that would pose a significant risk of competitive harm to the Producing Party if disclosed to internal employees or representatives of one or more of the parties to this action.

5.     Documents, or portions of any documents, may be designated as "Highly Confidential" by stamping or otherwise clearly marking as "Highly Confidential" the document

or protected portion of the document in a manner that will not interfere with its legibility. Deposition transcripts, or portions of any deposition transcripts, may be designated as "Highly Confidential" either on the record during the deposition or by written notice to all parties within ten (10) business days of receipt of the preliminary transcript.

6. No person in possession of Discovery Material, other than the Producing Party, shall disclose, summarize, describe, characterize, or otherwise communicate or make available in whole or in part, any of the Discovery Material designated as Confidential to any other person, except:

    a. The parties to the Litigation, including any employees or any parent, subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation;

    b. Counsel representing a party in the Litigation, including any paralegal, clerical and other assistant, employed by such counsel and assigned to this matter (including temporary employees, service vendors, outside copying, supply and litigation support service providers employed or retained by such counsel);

    c. Any person retained by a party to serve as an expert witness or to provide expert consulting services in connection with the Litigation, provided that such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    d. Any mediator or arbitrator engaged by the parties in this matter or appointed by the Court, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    e. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    f. Stenographers or court reports engaged to transcribe depositions conducted in the Litigation;

    g. The Court and its support personnel; and

    h. Noticed witnesses in the Litigation in preparation for and during their depositions or at a hearing at which they will testify, or in an appeal from the Litigation to whom the disclosure is reasonably necessary, provided

that such person has first executed a Non-Disclosure Agreement in the form attached to this Order.

7. No person in possession of Discovery Material, other than the Producing Party, shall disclose, summarize, describe, characterize, or otherwise communicate or make available in whole or in part, any of the Discovery Material designated as Highly Confidential to any other person, except:

    a. Outside counsel representing a party in the Litigation who was retained specifically for this Litigation, including any paralegal, clerical and other assistant, employed by such counsel and assigned to this matter (including temporary employees, service vendors, outside copying, supply and litigation support service providers employed or retained by such counsel);

    b. In-house attorney(s) at parties to the Litigation who are actively representing a party in the Litigation;

    c. Any person retained by a party to serve as an expert witness or to provide expert consulting services in connection with the Litigation, provided that such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    d. Any mediator or arbitrator engaged by the parties in this matter or appointed by the Court, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    e. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    f. Noticed witnesses in the Litigation in preparation for and during their depositions or at a hearing at which they will testify, or in an appeal from the Litigation to whom the disclosure is reasonably necessary, provided that such person has first executed a Non-Disclosure Agreement in the form attached to this Order.

    g. Stenographers engaged to transcribe depositions conducted in this Action;

    h. The Court and its support personnel; and/or

    i. Any other person, only upon order of the Court or with the written consent of the party producing the Highly Confidential Discovery

Material.

8. Outside counsel for any party disclosing Confidential or Highly Confidential Discovery Material to any person described in Paragraphs 6 or 7 (with the exception of court personnel and parties to the Litigation) must first: (i) advise the recipient that the information is Confidential or Highly Confidential and may only be used in connection with the Litigation, or any appeal from the Litigation, subject to the terms of this Order; (ii) provide the recipient with a copy of this Order; and (iii) obtain the recipient's execution of a Non-Disclosure Agreement in the form attached to this Order. Executed Non-Disclosure Agreements shall be maintained by outside counsel who disclosed Confidential or Highly Confidential Discovery Material to the persons executing said Non-Disclosure Agreement.

9. Nothing in this Order shall prevent any counsel from advising his or her client concerning the Litigation, or any related appeal, and, in the course of providing such advice, from referring to Confidential or Highly Confidential Discovery Material.

10. Nothing in this Order shall be construed to limit in any way any Producing Party's use of Discovery Material that it has itself produced and designated as Confidential or Highly Confidential.

11. The parties shall attempt to resolve in good faith any disputes concerning the designation of any Discovery Materials as Confidential or Highly Confidential, although nothing herein shall preclude any party from challenging a designation of Discovery Material as Confidential or Highly Confidential through motion practice; provided, however, that while such motion is pending, the Discovery Material that is the subject of the objection shall continue to be treated as Confidential or Highly Confidential in accordance with the Producing Party's designation.  Any party that objects to any designation of Discovery Material as Confidential or

Highly Confidential may at any time serve upon the Producing Party a written notice stating with particularity the grounds for such objection, and the parties shall be obligated to meet and confer promptly with regard to such objection.  If the parties cannot reach an agreement with regard to the objection within five (5) business days, the objecting party may seek a ruling from the Court by motion filed under seal.

12. All Confidential or Highly Confidential Discovery Material filed with the Court, including all portions of pleadings, motions, or other papers filed with the Court that attach, describe, or otherwise disclose such Confidential or Highly Confidential Discovery Material, and all motions challenging the confidentiality designations of any Producing Party, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court.  The parties will use their best efforts to minimize the filing of Discovery Materials under seal.  For any document filed under seal, a redacted version of the document that redacts only the Confidential or Highly Confidential Discovery Material, and not text that does not in any way reveal the Confidential or Highly Confidential Discovery Material, shall be filed via the Court's Electronic Case Filing system.

13. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the production of privileged or work-product protected documents in this action shall not represent a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  The provisions of Federal Rule of Evidence 502(b) will not

apply to documents subject to 502(d) clawbacks; paragraph 15 below shall cover the clawback of privileged or work-product protected documents in this action.

15. If a party discloses information ("Disclosed Information") that it later identifies as subject to a claim of attorney-client privilege or work-product protection ("Privilege Disclosure") to another party (the "Receiving Party") and the Producing Party makes a claim of Privilege Disclosure, the Receiving Party shall, within five (5) business days, return or destroy all copies of the Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed; provided, however, that if the Receiving Party moves the Court for an Order compelling production of the Disclosed Information, the Receiving Party may retain one sequestered copy of any document claimed to be subject to privilege or immunity for use in connection with its motion to compel. The Receiving Party may use the Disclosed Information only in connection with its motion to compel and for no other purpose absent a ruling from the Court. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the Privilege Disclosure. In connection with such a motion, the Producing Party retains the burden of establishing that the Disclosed Information is subject to a valid claim of privilege, immunity, or work-product protection. Beyond the provisions above regarding use of the fact or circumstances of Privilege Disclosure, nothing in this Order shall limit the right of any party to contest a claim of privilege, immunity, or work-product protection, or to argue that privilege has been waived as to any document, including without limitation as a result of subject matter waiver based on the production of an attorney-client privileged or attorney work product document, or to request an *in camera* review of the Disclosed Information.

16. This Order shall survive the termination of the Litigation. Upon request of the Producing Party, within 60 days of the final disposition of the Litigation, all Discovery Material designated as "Confidential" or "Highly Confidential" including copies, shall at the sole discretion of the party possessing such material be returned to the Producing Party or destroyed. In the event that the party possessing such material opts to destroy it, counsel for such party will notify the Producing Party of the same in writing within 10 business days of completing destruction.

17. The parties agree to be bound by the terms of this Order pending the entry by the Court of this Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

18. If any person in possession of Discovery Material receives a subpoena, request for documents from any governmental entity, or discovery request in another action or proceeding, and such subpoena or request seeks Discovery Material that has been designated as "Confidential" or "Highly Confidential" the recipient of the subpoena or request shall give to the Producing Party written notice by hand, overnight delivery, facsimile transmission, or email promptly, and in no event later than five (5) business days after receipt of such subpoena or request. In the event that the Producing Party should decide to object to the production of the requested Discovery Material, the parties shall meet and confer promptly with regard to such objection.

19. This Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible, or as a waiver of any right to object to the discoverability, relevance, authenticity, or admissibility of any document or other evidence.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: New York, New York
         September 5, 2019

_____
Marc Wolinsky
Cynthia Fernandez Lumermann
Wachtell, Lipton, Rosen & Katz
*Attorneys for Plaintiff Monsanto Company*

_____
Lee Armstrong
C. Lee Wilson
Jones Day
*Attorneys for Defendants Wells Fargo Trust Company, N.A. and Citizens Asset Finance*

SO ORDERED:

_____
Hon. Deborah A. Batts
United States District Judge

Dated: _____, 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONSANTO COMPANY,<br><br>                              *Plaintiff,*<br><br>- v. -<br><br>WELLS FARGO TRUST COMPANY, N.A.<br>and CITIZENS ASSET FINANCE, INC.,<br><br>                              *Defendants.* | Case No.   18-cv-12371 (DAB) |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and as permitted by the Protective Order, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it, or, upon instruction, destroy or delete such material and certify such destruction or deletion. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____